IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN RIVERA,

   PLAINTIFF,         CIVIL ACTION NO.

  v.                HON.

DREAM TRUCK SERVICE, INC.
And DAWOUD M. MOHAMMAD,
in his individual capacity,

   DEFENDANTS.

---

CARLA D. AIKENS P.C.
Carla D. Aikens (P69530)
Connor B. Gallagher (P82104)
615 Griswold Street, Suite 709
Detroit, MI 48226
Tel: (844) 835-2993
Fax: (877) 454-1680
carla@aikenslawfirm.com
connor@aikenslawfirm.com
*Attorneys for Plaintiff Juan Rivera*

---

## COMPLAINT

PLAINTFF, JUAN RIVERA, by and through his attorneys, CARLA D. AIKENS, P.C., submits the following Complaint against DEFENDANTS DREAM TRUCK SERVICE, INC., and DAWOUD M. MOHAMMAD, in his individual capacity (collectively, "Defendants").

## INTRODUCTION

1.  This is an action alleging the following violations under the Fair Labor Standards Act 29 U.S.C. 201 et seq:

    a. Failure to pay minimum wages,
    b. Failure to pay overtime wages, and
    c. Retaliation for making a claim or participating in an investigation by the Department of Labor ("DOL").

1

2. This is an action alleging the following violations under the Michigan Wages and Fair Benefits Act (MWFBA) MCL 408.471 et seq:

    a. Failure to pay agreed to benefits,
    b. Failure to pay overtime wages, and
    c. Failure to pay minimum wages.

3. This is an action alleging the following violations under the Improved Workforce Opportunity Wage Act (IWOWA) MCL 408.931 et seq:

    a. Failure to pay minimum wages,
    b. Failure to pay overtime wages,
    c. Retaliation for making a claim or participating in an investigation by the Department of Labor (DOL).

## JURISDICTION

4. At all times relevant to this action, Mr. Rivera Ahmed was a resident of Wayne County in the State of Michigan.

5. Defendant Dream Truck Service, Inc., upon information, is a domestic limited liability company doing business at 9445 Michigan Ave., Detroit, MI 48210.

6. Defendant Dawoud M. Mohammad, is the owner and operator of Dream Truck Service, Inc., who used Dream Truck Service, Inc., as a mere instrumentality.

7. Moreover, upon information and belief, Defendant Dream Truck Service was not properly organized under Michigan law.

8. All relevant actions giving rise to this complaint took place in Wayne County in the State of Michigan.

9. This action is brought in this Court on the basis of federal question jurisdiction. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b).

10. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's

state law claims.

## VENUE

11.     Venue is proper in the Eastern District of Michigan because the unlawful employment actions giving rise to Plaintiff's claims occurred in this District.

## FACTS

12.     Plaintiff was hired by Defendants to provide car porter and assistant mechanic work.

13.     Specifically, Plaintiff would provide mechanic work, customer service, and maintenance, inspection, and preparation to employer property.

14.     For the first two and a half years of his employment, Plaintiff would work from 9:00 a.m. to late into the evening, and receive $60 dollars per day of work; equaling $360 per week.

15.     Since June of 2018, and, to the date of this filing, besides a six-week period, Defendants lowered his pay to $360 dollars per week again, Plaintiff has been working six days per week, totaling 60 to 63 hours a week, for $80 dollars per day; totaling $480 dollar per week.

16.      Routinely, Plaintiff works between 60 to 63 hours each week, however, is not paid a single dollar of overtime.

## I. FAIR LABOR STANDARDS ACT

17.     Defendants are Plaintiff's employer as defined by the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 302(d).

18.     Plaintiff was an employee of Defendants as defined by FLSA. 29 U.S.C. § 203(e)(1).

19.     Plaintiff was engaged in employment with Defendants, as defined by 29 U.S.C. § 203(g).

20.     The burden is on Defendants to keep accurate records of the hours Plaintiff worked and the wages he was paid.

21.     At all times, Plaintiff attended to his duties while on Defendants' premises.

22. Defendants' violations were intentional.

## A. MINIMUM WAGE

23. Defendants failed to pay Plaintiff the federal minimum hourly wage as established in 29 U.S.C. § 206.

24. Defendants failed to pay Plaintiff the state minimum hourly wage as established by MCL 408.413.

## B. OVERTIME WAGE

25. Defendants failed to pay Plaintiff the required 1 1/2 times the amount of his hourly wage for every hour worked over 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

26. Defendants' violations were intentional.

27. Plaintiff was not a salaried employee exempting Defendants from paying him overtime wages. 29 CFR 541.602.

28. Plaintiff was never paid more than $684 per week or $35,568.00 exempting Defendants from paying Plaintiff overtime wages. 29 CFR 541.

29. Plaintiff was never paid any bonuses exempting Defendants from paying Plaintiff's overtime wages. 29 CFR 541.602(a)(3).

30. Defendants have the burden of establishing exemptions for not paying Plaintiff's overtime wages.

31. Defendants are not exempted from paying Plaintiff under the learned professional employee exception pursuant to 29 CFR 541.300(a).

32. Defendants are not exempted from paying Plaintiff under the executive employee exception pursuant to 29 CFR 541.100(a).

33. Defendants are not exempted from paying Plaintiff under the highly compensated employee exception pursuant to 29 CFR 541.601(a).

34. Defendants are not exempted from paying Plaintiff under the computer-employee exception pursuant to 29 CFR 541.400(b).

## C. RETALIATION

35. Defendants harassed Plaintiff over his claims related to their failure to pay minimum wage and overtime wages in violation 29 U.S.C. 215.

36. Defendants harassed Plaintiff over Plaintiff's notice to Defendants of his awareness of his right to sue for these violations.  29 U.S.C. 215.

37. Plaintiff engaged in protected activity under the FSLA.

38. Threatening to bring a lawsuit under the FSLA is protected activity.

39. Participating in an investigation of FLSA violations is protected activity.

40. Defendants were aware that Plaintiff was engaging in this protected activity.

41. Defendants engaged in harassing, threatening, menacing, and retaliatory behavior in retaliation for Plaintiff's protected activity.

## D. DAMAGES

42. Plaintiff is entitled to the following damages:

    a. Attorney fees,
    b. Costs and expenses of litigation,
    c. Payment of unpaid minimum wages,
    d. Payment of unpaid overtime wages,
    e. Interest on all overtime wages,
    f. Additional liquidated damages equal to the amount of all established damages,
    g. Damages for emotional pain, suffering and humiliation associated with being under paid and working for less than one's true value, and
    h. Triple Damages;
    i. Exemplary Damages;
    j. Punitive damages.

## II. MICHIGAN WAGES AND FAIR BENEFITS ACT

43. Plaintiff was an employee because he was an individual employed by an employer under the Michigan Wages and Fair Benefits Act.

44. Defendants were Plaintiff's employer because they are individuals, a partnership, an association, or corporation, who employ 1 or more individuals.

45. Defendants failed to pay Plaintiff on a timely basis, as established by MCL 408.472.

46. Defendants failed to pay Plaintiff all wages earned and due at the time of his separation from employment.

47. Defendants failed to maintain records for Plaintiff which indicated Plaintiff's

   a. Name;
   b. Address;
   c. Birth date;
   d. Occupation or classification in which employed;
   e. Total basic rate of pay;
   f. Total hours worked in each pay period;
   g. Total wages paid each pay period; and
   h. A separate itemization of deductions and a listing or itemization of fringe benefits.

48. On pay day, Defendants failed to provide Plaintiff with:

   a. A statement of the hours worked by the employee;
   b. The gross wages paid;
   c. Identification of the pay period for which payment is being made; and
   d. A separate itemization of deductions.

49. Defendants are required to maintain the above referenced records for not less than 3 years.

50. Plaintiff is entitled to the following damages:

   a. Attorney's fees;
   b. Costs and expenses of litigation;
   c. Payment of unpaid minimum wages;
   d. Payment of unpaid overtime wages;
   e. Interest on all unpaid wages;

    f. Additional liquidated damages equal to the amount of all established damages;
    g. Damages for emotional pain, suffering, and humiliation associated with being under paid and working for less than one's true value;
    h. Punitive damages;
    i. Fringe benefits due to Plaintiff;
    j. A penalty at the rate of 10% annually on the wages and fringe benefits due; and
    k. Exemplary damages of not more than twice the amount of the wages and fringe benefits.

### III. IMPROVED WORKFORCE OPPORTUNITY WAGE ACT

51. Plaintiff is an employee because he is over 16 years of age and employed by an employer on the premises of the employer or at a fixed site designated by the employer.

52. Defendants are an employer because they are persons, a firm, or a corporation who employ 2 or more employees at any 1 time within a calendar year.

53. Defendants failed to pay Plaintiff pursuant to the hourly wage established by IWOWA, which is set at $9.87.

54. Defendants failed to pay Plaintiff 1 1/2 times his regular hourly rate for hours Plaintiff worked during his workweek in excess of 40 hours.

55. Plaintiff was not a trainee, apprentice, learner, or persons with a disability who was unable to meet production standards.

56. Plaintiff did not work for gratuities or tips.

57. Plaintiff does not come under any of the excepted employment arrangements in MCL 408.940.

58. Defendants failed to furnish Plaintiff with:

    a. A statement of the hours worked;
    b. The wages paid to the employee;
    c. The listing of deductions made each pay period; and
    d. A copy of IWOWA and regulations and orders promulgated under this act posted in a conspicuous place in the workplace that is accessible to Plaintiff and other employees.

59.Defendants discriminated against Plaintiff because he threatened to bring a lawsuit against Defendants for the violations as outlined within this complaint.

60.Plaintiff is entitled to the following damages:

    a. Attorney's fees;
    b. Costs and expenses of litigation;
    c. Payment of unpaid minimum wages;
    d. Payment of unpaid overtime wages;
    e. Interest on all unpaid wages;
    f. Additional liquidated damages equal to the amount of all established damages;
    g. Damages for emotional pain, suffering, and humiliation associated with being under paid and working for less than one's true value;
    h. Punitive damages;
    i. Exemplary Damages; and
    j. Triple Damages allowed under the FLSA for an intentional breach of the FLSA.

## **REQUESTED RELIEF**

Wherefore Plaintiff respectfully requests this honorable court to grant all the relief and remedies prayed for in the above captioned matter.

## **JURY DEMAND**

COMES NOW Plaintiff and makes his demand for trial by jury.


Dated: May 20, 2021Respectfully submitted

/s/ *Connor B. Gallagher*
CARLA D. AIKENS, P.C.
Carla D. Aikens (P69530)
Connor B. Gallagher (P82104)
*Attorneys for Plaintiff*
615 Griswold Street, Suite 709
Detroit, Michigan 48226
Tel: (844) 835-2993
Fax: (877) 454-1680